```
 1  MAYER BROWN LLP
    JOHN NADOLENCO (State Bar No. 181128)
 2  e-mail: jnadolenco@mayerbrown.com
    BRONWYN F. POLLOCK (State Bar No. 210912)
 3  e-mail: bpollock@mayerbrown.com
    350 South Grand Avenue, 25th Floor
 4  Los Angeles, California 90071-1503
    Telephone: (213) 229-9500
 5  Facsimile: (213) 625-0248

 6  MAYER BROWN LLP
    DIANA HOOVER (pro hac vice)
 7  e-mail: dhoover@mayerbrown.com
    700 Louisiana St., Ste. 3400
 8  Houston, Texas 77002-2730
    Telephone: (713) 238-3000
 9  Facsimile: (713) 238-4888

10  Attorneys for Defendant
    Schering Corporation
11
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA RIVERA, on behalf of herself and others similarly situated, | CASE NO. CV 08-1743-GW(JCx) |
| Plaintiffs, | **PROTECTIVE ORDER** |
| v. | **[CHANGES MADE BY COURT]** |
| SCHERING CORPORATION; and DOES 1 to 50, Inclusive, | |
| Defendants. | |

IT IS HEREBY ORDERED that this Protective Order shall apply to maintain the confidentiality of certain documents and testimony furnished or obtained in the course of this litigation. The Court and its personnel are not parties to, and are not bound by the terms of this Protective Order.

IT IS FURTHER ORDERED that, until this Protective Order is amended or superseded, all parties to this action, and all nonparty witnesses who agree in writing to be bound by the terms of this Protective Order ("bound nonparty witness(es)"), shall follow the procedures set forth herein.

1. Any party or bound nonparty witness may designate as "Confidential Material" any document, testimony, information or other material disclosed through discovery or otherwise in the course of this litigation the confidentiality of which it desires to maintain, including but not limited to: (1) financial, technical, or other information to which the recipient would not have access but for this litigation; (2) highly sensitive information, including certain information related to personnel or customers; (3) information deemed to be proprietary; and (4) deposition testimony regarding or referencing Confidential Material.

2. Confidential Material shall be designated as such via the procedures set forth in Paragraphs 3 through 5 below. All parties and bound nonparty witnesses shall make such designations in good faith and upon a reasonable basis. The inadvertent or unintentional disclosure of confidential information without such designation shall not be deemed a waiver in whole or in part of the disclosing party's claim of confidentiality, <u>provided</u>, <u>however</u>, that, upon discovery of the mistake, the disclosing party shall promptly notify counsel of record of the appropriate designation.

3. With respect to documents, including those marked as exhibits in connection with any testimony, designation as Confidential Material shall be accomplished by stamping the word "CONFIDENTIAL" on each page of the confidential document.

4. With respect to information given in response to information requests, designation as Confidential Material shall be accomplished by labeling each confidential response as "CONFIDENTIAL."

5. With respect to deposition testimony, designation as Confidential Material shall be accomplished by stating on the record of the deposition, or in writing within 10 days after receipt of the deposition transcript, that specified testimony is Confidential Material. During the interim ten-day period, deposition transcripts shall be treated as Confidential Material in their entirety.

6. Within a reasonable time after a designation of any document, testimony, information or other material as Confidential Material is made, any party may, by motion with notice to all parties of record and in accordance the procedures set forth in Local Rule 37 and with Paragraph 9 below, apply to the Court for a ruling that the material not be so designated. The party seeking such designation shall have the burden of demonstrating to the Court why the designation is warranted. During the pendency of any such motion, the material at issue shall be treated as Confidential Material in its entirety.

7. Except upon prior written consent of the designating party or upon order of a court of competent jurisdiction, Confidential Material shall be held in strict confidence by every individual bound by the terms of this Protective Order to whom it is disclosed and shall be used such individual(s) only for the purposes of this litigation. No party shall, for itself or for any person or persons acting on its behalf, make more copies of any Confidential Material than are reasonably necessary to conduct this litigation. Except as otherwise provided below, all Confidential Material shall remain in the possession of counsel for the respective parties and be stored in a secure location.

8. Disclosure of Confidential Material shall be limited to the following persons: (1) the Court and its personnel in accordance with the terms of paragraph 9; (2) counsel for the respective parties, including in-house counsel and co-counsel,

and those of their respective employees and assistants to whom it is reasonably necessary that Confidential Material be disclosed; (3) witnesses in the course of depositions or the trial of this action; and (4) experts and consultants, including independent experts and consultants, who are retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to be used in this litigation, and those of their respective employees and assistants to whom it is reasonably necessary that Confidential Material be disclosed, <u>provided</u>, <u>however</u>, that such experts and consultants are first provided with a copy of this Protective Order and instructed to adhere to the terms thereof.  Counsel for the respective parties shall maintain a list of all experts and consultants to whom Confidential Material is disclosed, a copy of which must be provided to any opposing party upon request at the conclusion of this litigation. The parties are not required to disclose the names of any consulting experts who received Confidential Material if their identity was not required to be disclosed under the Federal Rules or the Local Rules; however such individuals must still agree to abide by this Stipulation and Order.

9.  Confidential Material shall not be used or submitted to the Court in conjunction with any filing or proceeding in this litigation unless counsel believes in good faith that such use or submission is reasonably necessary to assist the Court in resolving the issue or issues before it or the Court so orders.  Whenever Confidential Material is used or submitted to the Court, it shall be marked "CONFIDENTIAL" and shall be filed pursuant to Local Rule 79-5, specifically Local Rules 79-5.1 through 79-5.4.

10.  Notwithstanding the terms of this Stipulated Confidentiality Order, the parties shall be permitted to use and exchange documents, testimony, reports, discovery responses, or any other information disclosed or otherwise provided in this litigation, in the action entitled *Eugene Kuzinski, et al. v. Schering*

*Corporation, et al.*, No. 3:07CV233 (JBA) (District of Connecticut), in accordance with the stipulated confidentiality order in that action.

11.  Upon termination of this litigation, all originals, copies, and summaries of Confidential Material, including those in the possession of any experts and consultants pursuant to Paragraph 8 above, but excluding those in the possession of the Court and its personnel, shall be returned to the party or bound nonparty witness from whom the Confidential Material was obtained, or counsel of record shall certify in writing that such material has been destroyed.  Copies of Confidential Material filed pursuant to Paragraph 9 above shall be dealt with as set forth in Local Rule 79-5.1.  To the extent any rules of professional responsibility require retention of Confidential Material in this case, one copy set of such Confidential Material may be retained by the parties' counsel who shall be under a continuing duty to abide by this Stipulation and Order until such information or documents have been destroyed.

12.  This Protective Order may be modified or amended only by Order of the Court for good cause shown.

IT IS SO ORDERED.

Dated:  June 23, 2008                         _____/s/_____
                                              Hon. Jacqueline Chooljian
                                              United States Magistrate Judge